UNITED STATES   DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAMONA WILLIAMS                                              CIVIL ACTION

versus                                                       NO. 06-9300

STATE FARM INSURANCE COMPANY                                 SECTION: E/3
et al

### ORDER AND REASONS

Plaintiff Ramona Williams' ("Williams") motion to remand to the Civil District Court for the Parish of Orleans is before the Court.  Record document #9.  Defendant State Farm Insurance Company ("State Farm") opposes to the motion.  The motion is before the court on the briefs, without oral argument.  After considering the motion, the memoranda, the record and the law, the motion to remand is DENIED.

### FACTS AND PROCEDURAL BACKGROUND

Williams owns a home in New Orleans that was heavily damaged as a result of Hurricane Katrina.[1]  During 2005, the home was insured by a homeowner's insurance policy and a flood insurance policy, both issued by State Farm, a foreign insurer doing business in Louisiana.  Defendant Reggie Glass Insurance Agency, Inc., ("Glass"), the State Farm agent who sold Williams both of her insurance policies, is a Louisiana domiciliary.[2]   Not

---

[1] See, generally, Petition for Declaratory Judgment and Damages.

[2] Williams also sued AAA Contractors, identified as a Louisiana corporation that was hired by Williams to perform repairs to the insured property.  No service was requested on this purported defendant, and according to State Farm's Opposition, AAA Contractors is a fictitious name.

satisfied with her recovery under her insurance policies, Williams filed suit in state court. State Farm removed the action, alleging both federal question jurisdiction and diversity jurisdiction.

## ANALYSIS

A civil action filed in a state court may generally be removed if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Statutes conferring removal jurisdiction are strictly construed in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000). The burden is on the removing party to show that federal jurisdiction exists and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand. Manguno, 276 F.3d at 723.

State Farm argues that lawsuits alleging that a "Write Your Own" ("WYO") Program carrier breached some applicable standard of care in not raising the limits of an *existing* NFIP policy state a

policy administration claim which is subject to exclusive federal jurisdiction pursuant to 42 U.S.C. §4072, and that the non-diverse defendants are improperly joined.[3]  Regarding federal question jurisdiction, Williams argues succinctly that federal question jurisdiction is not present because she made a claim against her homeowner's insurance carrier, State Farm, and that her Petition never named her flood insurance carrier (also State Farm) as a defendant, nor did it plead an action pursuant to federal law nor raise a federal question.

The language used by the plaintiff does not control whether federal jurisdiction exists.  As the Fifth Circuit has instructed:

> [U]pon removal the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law.... The reviewing court looks to the substance of the complaint, not the labels used in it.

In re Carter, 618 F.2d 1093, 1101 (5th Cir.1980) (internal citations omitted);  Newman v. Allstate Insurance Co., 2006 WL 2632116 *2 (E.D.La.)(Feldman, J.).  In Columbo v. Allstate Insurance Co., 2006 WL 3827529, *1 (E.D.La.), Judge Berrigan briefly reviewed the question of federal jurisdiction pursuant to the National Flood Insurance Program as follows:

---

[3]Finding federal question jurisdiction, the Court does not reach the improper joinder argument.

> Congress established the National Flood Insurance Program ("NFIP") by enacting the National Flood Insurance Act of 1968 ("Act"), 42 U.S.C. 4001, *et. seq.* Under the NFIP, the director of the Federal Emergency Management Agency ("FEMA"), can use private insurance companies, i.e. Write-Your-Own ("WYO") companies, to aid in the administration of the program. The public can purchase insurance policies either directly from FEMA or from the WYO companies. 42 U.S.C. 4071-72 (2006). Section 4072 also provides that the federal court has original and exclusive jurisdiction for claims arising under the NFIP. It is clear that the Federal District Courts have exclusive subject matter jurisdiction in cases arising out of claims under insurance policies issued pursuant to the NFIP.

Id. (internal citations omitted).

The terms and conditions of the Standard Flood Insurance Policy ("SFIP") are mandated by FEMA regulations and cannot be altered by FEMA or the WYO company that issues the SFIP. Sullivan v. State Farm and Casualty Co., 2006 WL 2119320, *2 (E.D.La.) (Barbier, J.); Newman, 2006 WL 2632116, *2 (citing 44 C.F.R. §§ 62.23(c)).  Neither may the WYO company alter the requirements for policy renewal or cancellation.  Id.  In Newman, at *2, Judge Feldman quotes McCullough, H-01-2747, at *10, as follows: "WYO companies defend against claims but FEMA reimburses them for defense costs, 44 C.F.R. § 62.23(I)(6), because they are fiscal agents of the United States, 42 [U.S.C.] § 4071(a)(1)...."  The WYO carriers thus participate in the NFIP subject to FEMA regulations and under the terms of an "Arrangement" with FEMA.  Sullivan, 2006 WL 2119320, *2.  Under

42 U.S.C. §4013, the terms and conditions of insurablity are delegated to FEMA, not to the WYO companies.

Plaintiff's Petition alleges that the "defendant insurance companies provided insurance coverage for the matters, risks, and things involved herein...", that the "policy from defendant insurance companies contains endorsements and/or other provisions which provide coverage for all hurricane related damage", and that the language of "plaintiff's insurance policy provides coverage for all damage resulting from a hurricane." Petition, ¶¶ X – XIII.  She makes a claim for "declaratory judgment that the insurance policy at issue in this case applies to all losses sustained by plaintiff as a result of Hurricane Katrina ...", and claims "breach of contract".  Id., ¶¶XV, XVI.  Williams Petition also makes claims, purportedly against her agent, for failure to advise her of "the option of purchasing excess flood insurance", "failing to procure adequate flood coverage for the buildings", and failure to advise "of the inadequacy of" her flood coverage.  Id., ¶¶XVII, XVIII.

Claims against an agent or insurer regarding the procurement of a WYO policy on behalf of the NFIP do not state a federal question.  Sullivan, 2006 WL 2119320, *4.  However, NFIP regulations and other courts have recognized the "peremptive nature of the NFIP of any claim arising from claims-handling and administration of a WYO flood insurance policy."  Newman, 2006

WL 2632116 *2, *citing* 42 U.S.C. 4072; 65 Fed.Reg. 60767 (Oct. 12, 2000) ("This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, et.seq.) and Federal common law."); and Spence v. Omaha Indemnity Ins. Co., 996 F.2d 793, 796 (5th Cir.1993), (other citations omitted).

State Farm provided the affidavit of Theron H. Bryan, Jr., Underwriting Section Manager at State Farm. Based on his review of State Farms records and books, he stated that Williams first purchased her SFIP from State Farm on August 3, 1999, and that the Declarations page was mailed to her in October of that year, and the policy was renewed annually thereafter. Opposition, Ex. A. State Farm also provided the affidavit of Wendy Walker, Office Manager for Reggie Glass Insurance Agency, Inc., who testified that Glass began servicing Williams' SFIP policy in September, 1999, and that Williams never requested an increase in coverages under her SFIP. Id. Williams' Petition essentially alleges that the SFIP did not provide adequate (or expected) coverage for her losses as a result of flood damages sustained during Hurricane Katrina. She alleges that she is entitled to coverage for "all losses" sustained as a result of

the hurricane, and to damages for breach of contract.[4]  Albeit somewhat indirectly, the claim challenges the administration of her claims under the SFIP, and the terms of the policy itself.

Moreover, State Farm points out that under the Arrangement between FEMA and the WYO carriers, the FEMA Office of General Counsel ("OGC") determines, upon receipt of notice that litigation has been filed implicating a SFIP, whether the litigation is "grounded in actions by the company that are significantly outside the scope of this Arrangement, and/or involves agent negligence."  *See* 44 C.F.R. Pt. 62, App. A, Art. III(C)(3)(a).  Until the OGC makes that determination, State Farm is entitled to reimbursement by FEMA for expenses related to the defense of claims implicating the administration of the SFIP.

Removal was proper under both 42 U.S.C. § 4072, *see* Newman, *2 ("The plaintiffs' NFIP policy claims do not arise from initial procurement, but rather from the administration of an existing flood policy over many years; therefore state law claims are preempted and federal jurisdiction exists.") and 28 U.S.C. § 1331 because, in this circumstance, State Farm is a fiscal agent of the United States.  Id.

---

[4]In Louisiana, a court can enter a judgment granting relief to which a plaintiff is entitled, even if that relief has not been demanded or prayed for in the pleadings.  La.C.C.P. art. 862.

Accordingly;

**IT IS ORDERED** that Williams' motion to remand is **DENIED**.

New Orleans, Louisiana, March 29, 2007.

**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge